UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

BRIAN FARRIS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE ORVIS COMPANY, INC.,

Defendant.

Case No. 2:22-cv-7

**CLASS ACTION COMPLAINT**

(JURY TRIAL DEMANDED)

Plaintiff Brian Farris, individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations based on the investigation of his counsel and upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## INTRODUCTION

1. Unsatisfied with traditional sales revenue alone, Defendant The Orvis Company, Inc. ("Orvis") has resorted to selling and renting mailing lists containing Plaintiff's and all other customers' names and addresses, as well as age, gender, income, ethnicity, religion, children's age, and information pertaining to their purchase of products from Orvis ("Personally Identifying Transactional Data") on the open market to anyone interested in purchasing them, including data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties. Prior to monetizing Plaintiff's and its other customers' Personally Identifying Transactional Data, Orvis did not ask for much less obtain consent from any of these individuals.

2. Documented evidence confirms these facts. For example, Orvis, either directly or through one or more intermediaries acting on its behalf and at its direction, including through "list managers" and/or "list brokers," sold and rented to various parties the mailing list titled "ORVIS ENHANCED MASTERFILE Mailing List." The list contains the names, addresses, and other Personally Identifying Transactional Data of all individuals who purchased products from Orvis

(including the types of products purchased), including Plaintiff and each member of the Class, at a base price of "$120.00/M [per thousand]," (i.e., 12.0 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



See **Exhibit A** hereto.

3. California's right of publicity statute clearly prohibits what Orvis has done. *See* Cal. Civ. Code § 3344, *et seq.* (the "CRPL"). The CRPL prohibits using a person's name or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent. Orvis directly violated the CRPL by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other customers' names, addresses, and other Personally Identifying Transactional Data.

4. Orvis's practices of monetizing its customers' names and likenesses for

2

commercial purposes without their consent is unlawful and imposes unjustified risks on its customer base, especially vulnerable members of society who may be targeted by purchasers of the data to using various identity, interest and other demographic criteria.

5. For example, anyone could buy or rent a list that contains the names, addresses, and other Personally Identifying Transactional Data of persons in California over the age of 60 who earn over $100,000 per year, have children over the age of 30, and purchased a pair of shoes from Orvis in the past year. Orvis makes such a list available for sale or rental on the open market for approximately $212.00 per thousand customers listed.

6. Orvis's misuse of its customers' names, likenesses, and other personally identifying attributes in this way, while profitable, violates its customers' statutory rights of publicity. Plaintiff brings this Class Action Complaint against Orvis to stop its plainly unlawful use of its customers' names and likenesses in disregard of their statutorily protected rights under the CRPL and to obtain compensation for those affected.

## PARTIES

7. Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of California. During the time period relevant to this action, Plaintiff purchased products from Orvis while residing in, a citizen of, and physically present in California.

8. Defendant The Orvis Company, Inc. is a Vermont corporation that maintains its headquarters and principal place of business in Sunderland, Vermont. Orvis is is a retail and mail-order business specializing in fly fishing, hunting and sporting goods.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Orvis.

10. The Court has personal jurisdiction over Orvis because Orvis maintains its corporate headquarters and principal place of business in Sunderland, Vermont.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Orvis is subject to personal jurisdiction in this judicial District, because Orvis resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE CRPL

12. The CRPL prohibits any person from, *inter alia*, using "an individual's name . . . or likeness, in any manner, on or in products, merchandise, or goods." Cal. Civ. Code § 3344(a). Specifically, Section (a) of the CRPL states, in pertinent part:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof.

*Id.*

13. Notably, California Civil Code Sec. 3344 was amended in 1984 to include the phrase (appearing in the statutory text quoted above) "on or in products, merchandise, or goods" as an additional way in which an unauthorized use of a person's name or likeness violates the statute. *See* Stats.1984, ch. 1704, § 2, p. 6172. In making this amendment, the California legislature sought to prohibit the use of a person's name on or in a product, good, or piece of merchandise, rather than simply in an advertisement for another product or service. *Comedy III Prod's., Inc. v. Gary Saderup, Inc.*, 21 P.3d 797, 801-02 (Cal. 2001).

14. "In any action brought under [the CRPL], the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken

into account in computing the actual damages." *Id.* § 3344(a).

## ORVIS DIRECTLY VIOLATES THE CRPL

15. Orvis maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personally identifying and highly sensitive Personally Identifying Transactional Data.

16. Orvis, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on or in which all of its customers' names, addresses, and other Personally Identifying Transactional Data appear. Orvis has sold and rented (and continues to sell and rent) these lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, aggressive marketing companies, and others.

17. As a result of Orvis's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Orvis on or in which Plaintiff's and the other Class members' names, addresses, and other Personally Identifying Transactional Data appear. Orvis's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers, among other things, and flouts the privacy protections the CRPL is designed to provide.

18. Orvis does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personally Identifying Transactional Data (as well as various other categories of sensitive personally identifying information) are used by Orvis on or in the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

19. Orvis uniformly fails to obtain consent from—or even provide effective notice to—its customers before engaging in the practices described herein.

5

20. By and through these actions, Orvis has used Plaintiff's and all of its other California customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the CRPL.

## CLASS ACTION ALLEGATIONS

21. Plaintiff seeks to represent a class comprised of, and defined as:

> All California residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Orvis (the "Class").

22. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Orvis.

23. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions common to the Class include, but are not limited to: (a) whether the mailing lists that Orvis sells are "products, merchandise, or goods" within the meaning of the CRPL; (b) whether Orvis used Plaintiff's and the Class members' "names" or "likenesses" "on or in" such mailing lists; (c) whether Orvis obtained consent prior to using Plaintiff's and the Class members' "names" or "likenesses" "on or in" such mailing lists; (d) whether Orvis's practices of selling such mailing lists violated the CRPL; and (e) the appropriate amount of damages to which Plaintiff and the Class members are entitled as a result of Orvis's violations of the CRPL.

24. The claims of the named Plaintiff are typical of the claims of the other members of the Class in that the named Plaintiff and the members of the Class were injured and sustained damages by Orvis's uniform wrongful conduct, based upon Orvis's practices of using Plaintiff's and Class members' names, likenesses, and other personally identifying attributes on or in

connection with the mailing lists it sold (and its sales and rentals of such lists) to third parties on the open market.

25. Plaintiff is an adequate representative of the Class because none of the Plaintiff's interests conflict with the interests of the other members of the Class, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

26. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Orvis's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court on the issue of Orvis's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

### CLAIM FOR RELIEF
### Violation of California Right of Publicity Law, Cal. Civ. Code § 3344, *et seq.*
### (By Plaintiff Individually and on Behalf of the Class)

27. Plaintiff repeats and incorporates herein the allegations in paragraphs 1-25 above.

28. Plaintiff brings this claim individually and on behalf of members of the above-defined Class against Orvis.

29. Plaintiff is a natural person and therefore a "person" within the meaning of the CRPL. *See* Cal. Civ. Code § 3344(a).

30. Orvis is a corporation and thus a "person" within the meaning of the CRPL. *See*

*id.*

31. Plaintiff, while residing in California, purchased products from Orvis. Each member of the Class likewise resides in California and purchased products from Orvis.

32. At no time before or at the time Plaintiff purchased products from Orvis did Orvis notify Plaintiff that it would use his name or likeness "on or in products, merchandise, or goods" by selling and renting mailing lists on or in which Orvis used his name, address, and other Personally Identifying Transactional Data, as well as myriad other categories of personal and demographic information. *See* Cal. Civ. Code § 3344(a). Plaintiff has never consented to Orvis using his name or likeness "on or in products, merchandise, or goods" in this way. *See id.*

33. Orvis likewise failed to notify any of its other customers, including the members of the Class, that it would use their names or likenesses "on or in products, merchandise, or goods" by selling and renting mailing lists on or in which their names, addresses, and other Personally Identifying Transactional Data, as well as myriad other categories of personal and demographic information, all appeared. *See id.* And none of the members of the Class has consented to Orvis using their name or likeness "on or in products, merchandise, or goods" in this way. *See id.*

34. After Plaintiff purchased products from Orvis, and during the relevant statutory period, Orvis, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly sold mailing lists containing Plaintiff's name and likeness (among other identifying and highly sensitive Personally Identifying Transactional Data, which, *inter alia*, identified him as an individual who had purchased products from Orvis) to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining Plaintiff's consent or even giving him prior notice of its use of his name and likeness in this way. Likewise, during the statutory period relevant to this action, Orvis knowingly sold mailing lists containing the names and likenesses of the members of the Class (among other identifying and highly sensitive Personally Identifying Transactional Data) to various third parties, including to data

aggregators, data appenders, data cooperatives, and others, without first obtaining consent to these practices from, or even providing prior notice to, any of these individuals.

35. The mailing lists that Orvis knowingly sold and continues to sell, on the open market to anyone interested in purchasing them, constitute "products, merchandise, or goods" within the meaning of the CRPL. *See* Cal. Civ. Code § 3344(a).

36. Orvis knowingly used and continues to "use" Plaintiff's and the other Class members' names and likenesses "on or in" such mailing lists. *See id.*

37. Significant commercial value exists in the aspects of Plaintiff's and the Class members' names and likenesses that Orvis used and continues to use on or in its mailing lists.

38. Orvis's unauthorized use of Plaintiff's and the Class members' names and likenesses on its mailing lists, as alleged herein, did not constitute "use[s] of . . . name[s] . . . or likeness[es] in connection with any news, public affairs, or sports broadcast or account, or any political campaign[.]" Cal. Civ. Code § 3344(d).

39. By and through these actions, Orvis, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly "use[d] another's name . . . or likeness . . . on or in products, merchandise, or goods," without such person[s'] prior consent," in direct violation of the CRPL. *See* Cal. Civ. Code § 3344(a).

40. Orvis knowingly used Plaintiff's and the other Class members' names and likenesses on its mailing lists without prior consent in violation of the CRPL. During the time period relevant to this action, Orvis, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject mailing lists from its customer database, the advertising of such mailing lists on the open market, and the actual sales of such mailing lists to various third parties. Orvis reaped significant monetary profits through its sales of mailing lists on or in which Plaintiff's and the other Class members' names

and likenesses appeared.

41. Plaintiff and the members of the Class have been injured, in California, from the violations of their rights of publicity that they suffered as a result of Orvis's nonconsensual use of their names and likenesses in the manner described herein.

42. On behalf of himself and the Class, Plaintiff seeks: (1) $750.00 in statutory liquidated damages or actual damages, whichever is greater, as well as any profits from Orvis's unauthorized uses of his and the Class members' names and likenesses that are attributable to such uses and are not taken into account in computing any actual damages, for himself and each Class member pursuant to Cal. Civ. Code § 3344(a); (2) an award of punitive damages pursuant to Cal. Civ. Code § 3344(a); (3) a declaration that Orvis's conduct described herein violates Cal. Civ. Code § 3344(a); (4) an injunction prohibiting Orvis from further using Plaintiff's and the Class members' names or likenesses on or in the mailing lists that it sells, and requiring Orvis to obtain prior consent from persons in California prior to doing so in the future; and (5) costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 3344(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant The Orvis Company, Inc. as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For a declaration that Orvis's conduct described herein violates the CRPL;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For an injunction prohibiting Orvis from further using Plaintiff's name or likeness or the names or likenesses of the members of the Class on or in the mailing lists that it sells, as described above, and requiring Orvis to obtain prior consent from its

California customers prior to doing so in the future;

E. For an award of $750.00 in statutory liquidated damages or actual damages, whichever is greater, as well as any profits from Orvis's unauthorized uses of Plaintiff's and the Class members' names and likenesses that are attributable to such uses and are not taken into account in computing any actual damages, to Plaintiff and each Class member pursuant to Cal. Civ. Code § 3344(a);

F. For an award of punitive damages to Plaintiff and the Class members pursuant to Cal. Civ. Code § 3344(a);

G. For an order awarding counsel for the Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to Cal. Civ. Code § 3344(a); and

H. For prejudgment interest on all amounts awarded.

## JURY DEMAND

Plaintiff, on behalf of himself and members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: December 30, 2021

Respectfully submitted,

By: _____

Aaron T. Morris (# 5967)
**MORRIS KANDINOV LLP**
3391 Mountain Road, Unit 4
Stowe, Vermont 05672
(332) 240-4024
aaron@moka.law

Frank S. Hedin*
fhedin@hedinhall.com
Arun G. Ravindran*
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*